JOURNAL ENTRY and OPINION
These cases are before the court on appeal from orders of the common pleas court confirming the sale of property pursuant to a sheriff's sale. Appellant Denison Enterprises, the original property owner, argues:
 THE TRIAL COURT ERRED IN CONFIRMING THE SHERIFF'S SALE PURSUANT TO ORC S2329.31 DUE TO IRREGULARITY IN THE FORECLOSURE CASE.
 1. THERE WAS IRREGULARITY IN THE FORECLOSURE CASE DUE TO A FAILURE OF SERVICE OF PROCESS AND INSUFFICIENCY OF SERVICE OF PROCESS.
 2. THERE WAS IRREGULARITY IN THE FORECLOSURE SALE DUE TO A FAILURE TO APPRAISE THE PROPERTY IN ACCORDANCE WITH ORC S2329.17.
We find no error in the trial court's confirmation of the sheriff's sales and, therefore, affirm the trial court's judgments.
 PROCEDURAL HISTORY
On June 3, 1994, the Cuyahoga County Treasurer filed a complaint against appellant Denison Enterprises seeking to foreclose on its property, Permanent Parcel No. 017-29-009, for delinquent taxes, assessments, penalties and interest in the amount of $5,046.37. On June 6, 1994, the Treasurer filed another complaint against Denison to foreclose on another property, Permanent Parcel No. 017-29-010, for delinquent taxes of $839.22. In each case, two lienholders were also named as defendants: Cardinal Federal Savings and Loan Association, now known as First Nationwide Bank, and Continental, a division of Dollar Bank.
Each case was stayed on November 5, 1996 because Denison had entered into a contract for the payment of the delinquent taxes. These stays were vacated on Dollar Bank's motion on June 30, 1998. The two cases were consolidated on September 11, 1998 and were referred to a magistrate for further proceedings.
Dollar filed an answer and amended cross-claim, adding two defendants to its cross-claim. On March 19, 1999, the magistrate submitted a decision finding that Denison and the two new defendants were in default and, therefore, had admitted the allegations of the complaint. The magistrate found these parties owed Dollar Bank some $117,045.28, plus interest, and that this debt was secured by mortgages on the two subject properties. The magistrate determined that the mortgages and the treasurer's lien for taxes be foreclosed and that the property be sold. No party objected to this decision, and the court adopted it on April 27, 1999.
The property was sold, and the sale was confirmed on July 12, 1999. Denison filed its appeals on August 10, 1999.
 LAW AND ANALYSIS
Appellant Denison first contends the trial court should not have confirmed the sale of its properties because Denison was not properly served with Dollar Bank's amended answer and cross-claim. This court lacks jurisdiction to address this issue. Denison did not timely appeal the final foreclosure order, in which the trial court determined that Denison had been served. Third Nat'l Bank v. Speakman (1985), 18 Ohio St.3d 119, 120; Oberlin Savings Bank v. Fairchild (1963), 175 Ohio St. 311, 312.
Denison also argues the sale of its property should not have been confirmed because the appraisers did not actually view the premises before estimating its value, as required by R.C. 2329.17. Appellant did not raise this issue in the trial court. In any case, the record before this court does not include any appraiser's reports or other documents from which this court could make this determination; therefore, we must presume the regularity of the proceedings before the trial court. See, e.g., Tyrell v. Investment Assoc., Inc. (1984), 16 Ohio App.3d 47.
Appellant's assignment of error is overruled. The trial court's judgment is affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
ANN DYKE, A.J. and JAMES M. PORTER, J. CONCUR
KENNETH A. ROCCO, JUDGE